IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**E.B.,**
**Claimant Below, Petitioner**

FILED

**June 7, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-278    (JCN: 2021004177)**

**ALLIANCE COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner E.B.,[1] appeals the November 2, 2022, order of the Workers' Compensation Board of Review ("Board") affirming four claim administrator decisions which, denied additional compensable psychological diagnoses, denied reopening of temporary total disability ("TTD") benefits, and denied two authorization requests for medication.  Respondent Alliance Coal, LLC ("Alliance Coal") filed a timely response.[2] E.B. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 30, 2020, E.B., an underground coal miner for Alliance Coal, was struck by a pressurized hydraulic hose while working. E.B. sustained serious injuries to his head and face, requiring him to be airlifted to Ruby Memorial Hospital for emergency care. On August 31, 2020, and September 1, 2020, E.B. underwent surgeries to repair multiple facial bone fractures.

On September 8, 2020, E.B. began treatment at the West Virginia University Sports Medicine & Concussion Clinic with Benjamin Moorehead, M.D. It appears from the record that E.B. was then referred for psychiatric assessment. Subsequently, his workers'

---

[1] Consistent with West Virginia practice in cases with sensitive facts, we use initials to protect the identities of those involved. *See*, *B.J.R. v. Huntington Alloys Corp.*, No. 20-0548, 2022 WL 123125, at *1 n.1 (W. Va. Jan. 11, 2022) (memorandum decision); *see also* W. Va. R. App. P. 40.

[2] Petitioner is represented by E. William Harvit, Esq. and R. Dean Hartley, Esq. Respondent is represented by James W. Heslep, Esq.

compensation claim was held compensable for multiple physical injuries and the psychological injury of "adjustment disorder with mixed anxiety and depressed mood."

On January 29, 2021, E.B. underwent an IME performed by James L. Cosgrove, M.D., who is board certified in physical medicine and rehabilitation. Dr. Cosgrove found that E.B.'s symptoms were indicative of depression, rather than a traumatic brain injury or post-concussion syndrome. Dr. Cosgrove opined that E.B.'s symptoms had room for improvement and concluded E.B. had not reached maximum medical improvement ("MMI").

On March 19, 2021, Eric Fishman, Ph.D., a neuropsychologist, conducted an independent neuropsychological evaluation of E.B. Dr. Fishman's testing revealed a high rate of validity test failure and symptom exaggeration. Dr. Fishman diagnosed E.B. with malingering.

E.B. saw Dr. Moorehead for a follow-up appointment on July 2, 2021. Dr. Moorehead diagnosed post-concussive syndrome and recommended continued therapy, as Dr. Moorehead attributed E.B.'s symptoms to post-traumatic stress disorder ("PTSD") caused by his compensable injury.[3] Dr. Moorehead also assessed E.B.'s progress, finding him to have reached MMI. Subsequently, the claim administrator closed E.B.'s TTD benefits in a July 9, 2021, decision.

E.B. attended a telemedicine appointment with Jillian D. Conrad, APRN, NP-C, on November 18, 2021. E.B. reported anxiety, worsening mood, and hypervigilance with loud noises and bright lights. Ms. Conrad noted that E.B.'s symptoms could be attributable to PTSD. Ms. Conrad made the following psychiatric diagnoses: major depressive disorder ("MDD"), severe, without psychotic features; generalized anxiety disorder ("GAD"); and ruled out PTSD.

On December 1, 2021, E.B. underwent a psychiatric evaluation with Ivan L. Mazzorana, Jr., M.D., a board-certified psychiatrist. Dr. Mazzorana diagnosed E.B. with adjustment disorder, malingering, and possible post-concussive syndrome. Dr. Mazzorana found that the medical evidence did not support a diagnosis of PTSD. Also on December 1, 2021, E.B. was examined by Kenneth A. Visser, Ph.D., a clinical psychologist. Dr. Visser diagnosed E.B. with PTSD, adjustment disorder with mixed anxiety, and severe depressed mood.

E.B. was seen by Michael Rosenberg, M.D., on December 10, 2021. Dr. Rosenberg conducted an internal medicine examination, diagnosing E.B. with post-concussion

---

[3] At times, Dr. Moorehead and other medical providers also diagnosed E.B.'s physical injuries, which are not at issue in this appeal. Accordingly, our discussion will be limited to E.B.'s psychological diagnoses.

syndrome and PTSD. On December 14, 2021, Patricia M. Bailey, Ph.D., performed a psychological evaluation of E.B. Dr. Bailey questioned Dr. Mazzorana's findings that E.B. did not meet the criteria for PTSD due to a lack of psychological testing in reaching his conclusion. Dr. Bailey diagnosed E.B. with PTSD and major depressive disorder, severe without psychotic features.

Franklin Curry, Psy.D., completed a reopening application for E.B.'s TTD benefits on February 28, 2022, based on E.B.'s diagnoses of PTSD and MDD. Dr. Curry noted E.B.'s symptoms had persisted far beyond the six-month limit specified for adjustment disorder. Dr. Curry also concurred with Dr. Bailey's concerns regarding Dr. Mazzorana's assessment of PTSD. The claim administrator, in its March 4, 2022, decision, denied reopening of TTD benefits because Dr. Curry was not recognized as E.B.'s treating physician, disqualifying him from making a request.

On March 14, 2022, John David Lynch, M.D., submitted a diagnosis update request to add the diagnoses of PTSD, MDD, and GAD as compensable conditions. On March 23, 2022, the claim administrator issued a decision declining to add the conditions. The additional psychological diagnoses were refused on similar grounds as Dr. Curry's request, but further noted that the requesting doctor, Dr. Lynch, was not a psychiatrist and therefore unable to establish a psychiatric condition as compensable.

E.B. began treatment at WVU Psychiatry with Matthew S. Zell, M.D. By letter dated May 10, 2022, Dr. Zell explained he was treating E.B. for PTSD, MDD, and GAD. While not apparent from the record, it appears that on May 12, 2022, Dr. Zell requested authorization from the claim administrator to prescribe two medications under the claim. A May 20, 2022, claim administrator decision declined this request, finding that neither medication was related to the compensable conditions of E.B.'s claim.

On July 15, 2022, Dr. Zell requested authorization to begin PTSD treatment with another medication. The claim administrator declined this request in a July 21, 2022, decision, again reasoning that the medication was unrelated to the compensable conditions of E.B.'s claim.

E.B. protested the following decisions: the March 4, 2022, decision, (refusing to reopen TTD benefits), the March 23, 2022, decision, (refusing to add PTSD, MDD, and GAD as compensable conditions), the May 20, 2022 decision (refusing authorization for medications to treat psychological conditions), and the July 21, 2022, decision (refusing authorization for medication to treat psychological conditions).

On November 2, 2022, the Board affirmed each of the claim administrator's decisions. Regarding the addition of psychological conditions, the Board reasoned:

3

Per [West Virginia Code of State Rules] § 85-20-12.4, whether a psychiatric problem exists and whether that problem is directly related to the compensable injury is to be determined by a psychiatrist. The only psychiatrist on record to diagnose the claimant with major depressive disorder, generalized anxiety disorder, and PTSD is Dr. Zell. Although Dr. Zell opined that the claimant sustained PTSD causally related to the compensable injury, his correspondence/reports lack several requisite materials that must be addressed per [West Virginia Code of State Rules] § 85-20-12.3 and Exhibit C, most notably a mental status exam. Further, Dr. Zell's correspondence/reports render no opinion of a causal relationship between the compensable injury and the diagnoses of major depressive disorder and/or generalized anxiety disorder. Thus, the claim administrator was not in error in denying the addition of major depression, generalized anxiety, and PTSD as compensable conditions of the claim.

The Board affirmed the other three claim administrator decisions because the reopening of TTD benefits and treatment were conditioned on finding E.B.'s psychological diagnoses compensable. E.B. now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, 247 W. Va. 550, ___, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, E.B. argues that the Board erred in requiring Dr. Zell's report diagnosing PTSD, MDD, and GAD to comply with West Virginia Code of State Rules § 85-20-12.3 at the compensability stage. We note that, in its order, the Board was under the incorrect

impression that Dr. Zell was a board-certified psychiatrist when it concluded that E.B. failed to provide certain medical reports enumerated in West Virginia Code of State Rules § 85-20-12.3. During oral argument, E.B.'s counsel issued a correction to his brief, conceding that while Dr. Zell is a practitioner at WVU Psychiatry, he is a *resident* psychiatrist, still in the process of completing his specialty training to become a psychiatrist. As a result, we need not address E.B.'s assignment of error regarding the Board's application of West Virginia Code of State Rules § 85-20-12.3 to Dr. Zell's report.[4]

West Virginia Code of State Rules § 85-20-12.4, governing compensability of psychiatric claims, requires an evaluation by "a psychiatrist" and specifies that "[f]ailure to provide this information shall result in the denial of the additional psychiatric diagnosis." Accordingly, we find that Dr. Zell's report cannot be used as a basis to establish his psychological diagnoses as compensable conditions. Further, E.B.'s arguments requesting treatment authorization and reopening of TTD benefits are both conditioned on the compensability of the psychological diagnoses. As we agree with the Board's order on the issue of compensability, we also agree with the Board's refusal to reopen TTD benefits and authorize treatment related to noncompensable conditions.

Upon review, we find that the record supports the Board's conclusions. Accordingly, we affirm the Board's November 2, 2022, order.

Affirmed.

**ISSUED:** June 7, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Gregory L. Howard, sitting by temporary assignment

Judge Thomas E. Scarr, voluntarily recused

---

[4] *See, e.g.*, Syl. Pt. 2, *Adkins v. Gatson*, 218 W. Va. 332, 333, 624 S.E.2d 769, 770 (2005) ("This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.").